SPENCER, WHITE & PRENTIS, INC., Plaintiff, v. THE CITY OF NEW YORK, Defendant.

First Department, June 18, 1941.

*Maurice Iserman* of counsel [*Edgar A. B. Spencer* and *Thomas P. Morrissey* with him on the brief; *Spencer & Iserman*, attorneys], for the plaintiff.

*Oren Clive Herwitz* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the defendant.

CALLAHAN, J. This is a submission of controversy on an agreed statement of facts. The dispute involved arises out of a building contract under which the plaintiff was to complete for defendant the construction of the foundations of a public building which had been left unfinished by the default of a previous contractor. Plaintiff was to be paid costs plus a fee. Two claims are here presented by plaintiff: The first is for an extra fee of $1,440.08 because it paid to the comptroller of the city of New York a sales tax of $14,400.81. Plaintiff claims that it should be allowed ten per centum for the sales tax payment, as an item of " extra work." It was entitled to an extra fee of ten per centum on extra work. We think that this claim needs no discussion, except to say that the contract provides that taxes were to be among the reimbursable items of costs. Therefore, the sales tax herein is properly classified as a part of the cost of the work and the plaintiff is not entitled to be compensated for same as extra work.

The second claim presents the question as to whether the plaintiff was entitled to keep for itself a twenty per centum dividend amounting to $37,620.14 which it received on policies of workmen's compensation and public liability insurance taken out by it in connection with the contract work. Gross premiums of $188,100.72 paid by plaintiff were ultimately repaid by the defendant as part of the cost of construction, except that the amount in dispute has been withheld. Plaintiff claims that even though it is reimbursed in full for the gross premiums, it is entitled to retain the twenty per centum as its own. Defendant, on the other hand, contends that a dividend of a mutual insurance company, unlike a dividend paid to a stockholder, is merely a refund of excess premiums paid, and that defendant is entitled to the refund under the provisions of the contract which state that all credits, refunds, discounts, etc., received shall be accounted for by the contractor and applied in reduction of the actual net cost of the work.

The courts have uniformly recognized that an insurance " dividend " is a partial return to the policyholder of the amount he has been charged for his insurance. As said by the Court of Appeals in the case of *Rhine* v. *New York Life Ins. Co.* (273 N. Y. 1),

" The declaration of a dividend upon a policy reduces *pro tanto* the cost of insurance to the holder of the policy. That is its purpose and effect." We find nothing in the present policies, or in the charter of the company which issued the policies, which would require the application of a different definition to the dividends involved in the present case.

The Liberty Mutual Insurance Company which issued the policy involved is not a stock company but a mutual company. Its charter provides that the profits made from time to time by the company shall fix and determine the amount to be paid as a dividend upon policies expiring during each year, after retaining sufficient sums to pay all the compensation which may be payable on account of injuries sustained and expenses incurred. That this dividend is a refund of a portion of the premium seems to be recognized by the very provisions of the by-laws of the company. We think that the evidence clearly discloses that the dividend involved herein was a refund of excess premiums and represented a saving in the cost of providing insurance protection to the work involved in the present contract.

Plaintiff points to a provision in the charter which permits the insurance company to impose an assessment on a policyholder rather than declare a dividend, where the loss experience in a particular year warrants such action. It is plain that no such assessment may be imposed for the period involved in the present policies, for the company was authorized to pay a dividend only where there was an excess remaining after retaining sufficient sums to pay all losses incurred. While we are not dealing with a case where an assessment can be imposed, we think that in the light of the present contract, a claim for reimbursement by the contractor, if it existed, might be enforced.

Judgment should be directed in favor of the defendant on both claims asserted by plaintiff, without costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously directed for the defendant, without costs. Settle order on notice.